JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor, United States Department of Labor,<br><br>                          Plaintiff,<br>      v.<br><br>CARGOMATIC, INC.,<br><br>                          Defendant. | Case No. 2:24-cv-08111-MCS-BFM<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Julie A. Su, Acting Secretary of Labor ("the Acting Secretary"), United States Department of Labor, and Defendant Cargomatic, Inc. (collectively, the "Parties") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Permanent Injunction as provided below.

### PRELIMINARY STATEMENT

A.    The Acting Secretary filed a Complaint seeking to enjoin Defendant from violating Section 15(a)(3) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3).

B. Defendant acknowledges receipt of the Acting Secretary's Complaint and waives service of the Summons.

C. Defendant waives its answer to the Complaint.

D. Defendant admits that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California. Defendant makes no other admissions.

E. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

F. Defendant agrees to resolve all allegations against it in the Acting Secretary's Complaint and agrees to the entry of this Consent Judgment and Permanent Injunction without contest.

G. Defendant represents that Defendant has notice of, and understands, the provisions of this Consent Judgment and Permanent Injunction.

## **PERMANENT INJUNCTION**

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendant, its agents, servants, employees, and all persons acting in active concert or participation with it, are permanently enjoined and restrained from violating Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), including by discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendant, its agents, servants, employees, and all persons acting in active concert or participation with it, shall take the following affirmative actions and refrain from the following

conduct:

1. Defendant shall not threaten to terminate or cause the termination of any driver—including the drivers listed in **Exhibit 1**—because such driver has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA, has testified or is about to testify in any such proceeding, or has otherwise asserted rights under the FLSA.

2. Defendant shall not threaten to file or cause the filing of any legal action when that legal action: (1) is against any driver (or any entity owned or controlled by the driver)—including the drivers listed in **Exhibit 1**—who has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA, has testified or is about to testify in any such proceeding, or has otherwise asserted rights under the FLSA; and (2) seeks indemnification from the complaining driver (or any entity owned or controlled by the driver) for costs arising from such FLSA proceeding.

3. Defendant shall not cause any other retaliatory action—including but not limited to lay-offs, reduction in work assignments or pay, or intimidation—against any driver—including the drivers listed in **Exhibit 1**—because such driver has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA, has testified or is about to testify in any such proceeding, or has otherwise asserted rights under the FLSA.

4. Within thirty (30) days of the date of entry of this Consent Judgment and Permanent Injunction, Defendant shall send a package containing the Notice of Rights attached as **Exhibit 2** and a copy of this Consent Judgment and Permanent Injunction to all persons who have signed Cargomatic's Terms of Service and are currently performing delivery driving services based out of CEVA's Torrance, Fontana, and Bloomington, California facilities and the individuals listed in **Exhibit 1**.

/ / /

5. Within thirty (30) days of entry of this Consent Judgment and Permanent Injunction, Defendant shall provide FLSA training to all managers and supervisors addressing, at a minimum, the FLSA provisions governing anti-retaliation and interference.

6. Within thirty (30) days of the date of entry of this Consent Judgment and Permanent Injunction, Defendant shall also provide a copy of the Consent Judgment and Permanent Injunction to all of its managers and supervisors and inform them of their obligations under this Consent Judgment and Permanent Injunction.

7. Defendant shall not cause the termination, firing, layoff, or furlough of any of the drivers listed in **Exhibit 1** without first giving the driver and the Acting Secretary notice at least seven (7) days prior to such action describing who is being terminated, fired, laid off, or furloughed, and the non-retaliatory business justification for doing so, provided Defendant has reasonable opportunity to provide notice and providing seven days' notice would not be inconsistent with its obligations under federal or state law. If Defendant cannot provide advance notice, Defendant will provide notice to the Acting Secretary within three (3) days of causing such action.

8. Defendant shall provide a certification by a corporate representative with knowledge of Defendant's compliance with paragraphs 4-6 of this Consent Judgment and Permanent Injunction to the Acting Secretary upon request.

## JUDGMENT

9. **JUDGMENT IS HEREBY ENTERED,** pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, in favor of the Acting Secretary as a judgment in favor of the United States of America and against Defendant.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

/ / /

10. The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any individual not named on the attached Exhibit 1, nor as to any individual named on Exhibit 1 for any claim other than one the Acting Secretary brought against Defendant under Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), for the conduct asserted in her Complaint.

**FURTHER, IT IS HEREBY ORDERED THAT**

11. Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

12. The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Permanent Injunction.

IT IS SO ORDERED

Dated: September 25, 2024

_____
Mark C. Scarsi
United States District Judge

# EXHIBIT 1

| FIRST NAME | LAST NAME |
| --- | --- |
| Fidelis | Abaekobe |
| William | Aguilar |
| Ruxner | Andino |
| Emeka | Aniagba |
| Edward | Avalos |
| Maycol | Camey |
| Hans | Duran |
| Roosevelt | Espinosa |
| Keith | Ferguson |
| Jose | Fernandez |
| Cesar | Galindo |
| Jose Enrique | Gonzalez Portillo |
| Manuel | Guzman |
| Antonio | Hermosillo |
| Francisco | Hernandez |
| Mario | Hernandez |
| Otasowie | Isibor |
| Vicente | Mendez |
| Miguel | Mojarro |
| Jude | Muojekwu |
| Elias | Palma |
| Alvin | Pascascio |
| Israel | Ponce |
| Julio Roberto | Rosales |
| Israel | Sanchez |
| Gustavo | Tarin |
| Rafael | Zayas |

# EXHIBIT 2

# **NOTICE OF RIGHTS**

The U.S. Department of Labor ("DOL") has settled a lawsuit against Cargomatic, Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Aside from the Court's jurisdiction, Cargomatic has made no admissions as part of this settlement. The court has ordered Cargomatic to provide you the following notice:

- Employees have the right to request the wages owed to them under the FLSA, to file a lawsuit under the FLSA, to speak with the DOL, and to testify in any FLSA proceeding.

- It is illegal for anyone to harm employees because they have asserted their rights under the FLSA.

- Cargomatic has agreed not to retaliate against any driver who has filed a complaint under the FLSA, has testified or is about to testify in any FLSA proceeding, or has otherwise asserted rights under the FLSA, including by:

    o threatening to terminate or causing the termination of the driver;
    o threatening to sue or suing the driver for costs arising from such FLSA proceeding;
    o reducing the driver's pay or work assignments; or
    o taking any other retaliatory action against the driver.

**If you believe that Cargomatic or any person has retaliated against you because you asserted rights under the FLSA, please contact the Department of Labor at 1-866-487-9243.**